# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

PATRICK DAILEY,

        Petitioner,  :  Case No. 1:22-cv-643

- vs -      District Judge Matthew W. McFarland
    Magistrate Judge Michael R. Merz

SHERIFF OF
 HAMILTON COUNTY, OHIO,

          :
        Respondent.

## REPORT AND RECOMMENDATIONS

This is a pre-judgment habeas corpus case brought *pro se* by Petitioner Patrick Dailey pursuant to 28 U.S.C. § 2254. Upon transfer of the Magistrate Judge reference from Magistrate Judge Jolson, the undersigned examined the Petition (ECF No. 11) and the Amended Petition (ECF No. 16)[1] to determine whether they pleaded any claim for relief under the United States Constitution, since federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).

The undersigned found the Petition and Amended Petition contained only two federal claims, to wit, that Petitioner was being held on excessive bail and that the Hamilton County Court of Common Pleas which had committed him to jail in lieu of bond had no subject matter

---

[1] Petitioner has filed numerous purported amended Petitions, all of which have ben stricken because filed without court permission or Respondent consent. The first amended petition was properly filed under Fed.R.Civ.P. 15 before Respondent answered.

1

jurisdiction. The Magistrate Judge found no indication that Petitioner had done anything to obtain relief on these two claims from the Ohio First District Court of Appeals and ordered that he show cause why the case should not be dismissed for failure to exhaust the remedies of appeal and/or writ of prohibition.

Petitioner responds that he understands that jurisdiction can be challenged at any time (ECF No. 40, PageID 46). That is simply not the law. Before a person can bring any challenge in federal habeas corpus he or she must exhaust available state court remedies. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The exhaustion requirement applies to pretrial petitions as well as post-conviction petitions under § 2254. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484 (1973).

Because Petitioner has not exhausted available state court remedies, the Magistrate Judge respectfully recommends this case be dismissed without prejudice until those remedies have been exhausted. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 27, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's

objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge